IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE L. RODRIGUEZ-CRESPO,<br><br>      Petitioner,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | Civil No. 09-1642 (ADC-CVR) |

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

Petitioner José L. Rodríguez-Crespo (hereafter "petitioner Rodríguez-Crespo") was found guilty and convicted after pleading guilty of being a felon in possession of a firearm through a plea agreement entered with the United States wherein respondent would recommend a sentence to thirty six (36) months of imprisonment, penalty that was well below the related sentencing guideline range. However, at the time of sentence, the presiding District Judge imposed a sentence of ninety six (96), which was at the top of the applicable guideline range. Petitioner Rodríguez-Crespo filed an appeal before the Court of Appeals of the First Circuit which affirmed the challenges as to the sentence. The Court of Appeals determined Rodríguez-Crespo's record of criminality and the conduct considered by the presiding District Judge amply supported the sentencing court's conclusions and, thus, affirmed the sentence imposed of ninety six (96) months of imprisonment.

On July 10, 2009, petitioner Rodríguez-Crespo filed a *pro-se* motion seeking federal post-conviction relief under Title 28, United States Code, Section 2255. Petitioner claims in this post-conviction motion his counsel was ineffective for failing to object to the United States' breach of the plea agreement which resulted in the sentencing court imposing a

sentence of incarceration higher than the one expected of thirty-six (36) months and for failing to object to the criminal history calculation presented by the U.S. Probation Office in its pre-sentence report.

On August 4, 2009, respondent United States (hereafter "respondent") filed its timely response seeking to have the petition dismissed. (Docket No. 2). Then, on August 24, 2009, petitioner Rodríguez-Crespo filed a reply. (Docket No. 5).

On March 17, 2010, the Court referred above motions to this Magistrate Judge for report and recommendation.

## MOTION TO DISMISS STANDARD

In regards with dismissal of a civil action, under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may, consider materials outside the pleadings without converting the motion to dismiss into one for summary judgment.[1] Still, under Section 12 (b)(2) "a complaint should not be dismissed for failure to state a claim unless it appears … that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See* Bell Atlantic Corp. v. Twonbly, 127 S.Ct. 1955 (2007) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957)); *see* Miranda v. Ponce Fed. Bank, 948 F.2d 41 (1st Cir. 1991); *see also* Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007).[2]

To elucidate a motion to dismiss, which the respondent seems to have included with its response when seeking the petition to be denied, the Court must accept as true "all

---

[1] Fed.R.Civ.P. 12(b)(1) allows a defense to be presented for lack of subject matter jurisdiction, while 12(b)(2) allows same for lack of personal jurisdiction.

[2] No heightened fact pleading of specifics is required but only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic, 127 S.Ct. at 1974.

well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir. 1996) (*quoting* Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). The Court, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. Abbott, III v. United States, 144 F.3d 1, 2 (1st Cir. 1998) (*citing* Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1216 (1st Cir. 1996)).

**LEGAL DISCUSSION**

The issues referred at this stage to this Magistrate Judge by the Court evolve on whether it would be proper to dismiss the petition for post-conviction relief for failure to state a claim upon which relief may be granted upon a determination that defense counsel was not ineffective and petitioner would not be entitled to a relief.

Upon an examination of the available record of the criminal proceedings, including the plea agreement, the transcripts of the change of plea hearing and the sentence, and the pre-sentence report in the related criminal case, Criminal No. 06-142 (ADC), as well as the pleadings made part of this civil action, this Magistrate Judge considers dismissal is warranted since petitioner's claims lack merit both as to the government having breached the plea agreement, as well as to the ineffective assistance of counsel, including the alleged failure to object to the pre-sentence report.

To make the necessary showing of ineffective assistance of counsel petitioner must overcome a strong presumption that his counsel rendered adequate assistance and that the

legal representation received fell outside the wide range of professionally competent assistance. As such, the touchstone for any ineffective assistance of counsel claim is the two-part test laid down by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984).

First, the petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the petitioner must show that the deficient performance prejudiced the defense. This burden requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Id*. at 687, 104 S.Ct. 2052. In other words, defendant "must show that counsel's performance was so deficient that it prejudiced his defense." United States v. Ademaj, 170 F.3d 58, 64 (1st Cir.1999) (summarizing Strickland ). As the Strickland Court explained, "[u]nless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. *See* United States v. Colon-Torres, 382 F.3d 76 (1st Cir. 2004).

Judicial scrutiny of counsel's conduct is highly deferential. *Id*. at 689. "[The] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial

strategy'." *Id.* (*quoting* Michel v. Louisiana, 350 U.S. 91, 76 S.Ct. 158 (1955)). The adequacy of counsel's performance is evaluated from the attorney's perspective at the time of the challenged conduct and in light of all the circumstances then existing. *Id.* at 689-90.

### A. Failure to Object to the Government's Breach of the Plea Agreement.

Petitioner Rodríguez-Crespo's first claim of ineffective assistance of counsel stems from the alleged failure of his counsel to object to the government's breach of the plea agreement. Petitioner Rodríguez-Crespo submits the government breached the plea agreement by limiting its statement to the sentencing court that it was abiding by its recommendation, without more.

The important role of plea agreements in our criminal justice system has been fully discussed in Santobello v. New York, 404 U.S. 257, 261, 92 S.Ct. 495 (1971). Thus, prosecutors engaging in plea bargaining are held to the most meticulous standards of both promise and performance. United States v. Riggs, 287 F.3d 221, 224 (1st Cir. 2002) (quoting United States v. Vélez-Carrero, 77 F.3d 11, 11 (1st Cir. 1996). Still, minor deviations from the plea agreement would not warrant post-conviction relief of re-sentencing. United States v. Frazier, 340 F.3d 5 (1st Cir. 2003).

The change of plea hearing held before the sentencing judge, Hon. Aida Delgado-Colón, was held on August 16, 2006. *See Transcript of Rule 11 hearing 8/6/2006, Criminal No. 06-142 (ADC), Docket No. 73.* Petitioner Rodríguez-Crespo pleaded guilty to the offense of possession of firearm by a convicted felon on March 25, 2006, as charged in

José L. Rodríguez-Crespo v. United States
Civil No. 09-1642 (ADC-CVR)
Report & Recommendation
Page No. 6

Count One of Criminal No. 06-142 (ADC).[3] The government and petitioner Rodríguez-Crespo had reached a plea agreement wherein, upon pleading guilty to Count One of the Indictment, as a felon in possession who had been previously convicted of aggravated assault in the Superior Court of Puerto Rico, Ponce, Puerto Rico, on June 20, 2005, the United States would recommend at the time of imposition of the federal sentence that petitioner Rodríguez-Crespo be sentenced to thirty-six (36) months of imprisonment. *See Plea Agreement, p. 3, Criminal No. 06-142 (ADC), Docket No. 43.* Said plea agreement shows the parties made no stipulation as to the defendant's Criminal History Category, that the Court was not bound by the initial sentencing guidelines calculations and it could impose a sentence harsher or lesser in spite of the recommendation,[4] and that petitioner Rodríguez-Crespo could not withdraw the plea solely as a result of the final sentencing guidelines calculations made by the Court. *Id., pp. 3-4.*

At the Rule 11 colloquy held on August 16, 2006, the Court advised petitioner Rodríguez-Crespo that the sentence was solely for the Court to decide, that it had received a recommendation from the prosecutor/government and defense counsel but it was for the judge, in her discretion, to ultimately decide the sentence. Petitioner Rodríguez-Crespo affirmatively acknowledged these warnings. *Transcript 8/16/2006, pp. 8-9, Criminal No.*

---

[3] Count One provided that: "On or about March 25, 2006, in the District of Puerto Rico, and within the jurisdiction of this Court, ... defendant herein, having been convicted of a felony crime punishable by imprisonment for a term exceeding one (1) year, did knowingly possess in and affecting interstate commerce one (1) loaded firearm, that is: a Smith & Wesson revolver, model 65-4, .357 caliber, bearing serial number BNR9058, which firearm and ammunition had been shipped or transported in interstate or foreign commerce." A violation of Title 18, United States Code, §§922(g)(1) and 924(a)(2).

[4] The plea agreement advised petitioner Rodríguez-Crespo the maximum penalties for the offense charged in Count One of the Indictment was imprisonment for not more than ten (10) years, a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), and a term of supervised release of not more than three (3) years.

*06-142 (ADC), Docket 73.* The Court further warned petitioner Rodríguez-Crespo that, even if the maximum sentence was imposed, as allowed by statute, if he had been expecting less, he could not withdraw the plea. The Court informed Rodríguez-Crespo in clear and unequivocal terms it was going to be requesting a pre-sentence investigation written report and would be deciding the sentence on the basis of information and the sentencing guidelines, in addition to the recommendation in the plea agreement. *Id. p. 9.* The Court went even further in indicating to petitioner it was going to evaluate the recommendation in the report, but it was not bound or forced to do what was therein stated because the Court could have a different opinion and could decide differently, except that the government would remain bound by the plea agreement as it was a contract between the government and petitioner. *Id. p. 10.* Among the explanations provided by the Court at the time petitioner Rodríguez-Crespo entered his plea of guilty was the reliance in the probation officer's assessment at the sentencing hearing as to his previous record of convictions since he could be placed under the criminal history category in one of six categories and the higher the number of the category, the harsher or more severe the sentence he could expect and made it clear the government had not stipulated as to the criminal history category. *Id. pp. 12, 13.* Petitioner Rodríguez-Crespo provided positive answers of his understanding of the explanations provided by the Court.

The Court recognized the parties had agreed to a sentence of thirty-six (36) months of imprisonment, which was the recommendation the government would be making at the time of sentence and it was a non-guideline recommendation. *Transcript 8/16/2006, p. 13, Criminal No. 06-142(ADC), Docket No. 73.* Rodríguez-Crespo also recognized he was

then satisfied with the services provided by the attorney from the Federal Public Defender's Office. *Id. p. 14.* After ascertaining the willingness, understanding and voluntariness of the defendant's plea, the Court accepted same.

On February 1, 2007, the Court imposed sentence on Rodríguez-Crespo upon previously indicating it had by then received the pre-sentence investigation report which reflected acts of juvenile delinquency which resulted in a computation of a Criminal History Category for Rodríguez-Crespo of VI. Counsel for Rodríguez-Crespo and petitioner himself therein acknowledged having no objections or clarification to said report. *Transcript 2/1/2007, pp. 2-3, Criminal No. 06-142(ADC), Docket No. 70.*

Counsel for petitioner Rodríguez-Crespo submitted to the Court the plea agreement's recommendation of a sentence of thirty-six (36) months, which was a substantial downward departure from the guidelines calculations in the pre-sentence investigation report, as well as brought forward numerous points for the sentencing court to consider in mitigation of punishment regarding petitioner's background, young age, personal circumstances and social development, among others. *Id. pp. 3-9.*[5] Before imposition of sentence, Rodríguez-Crespo made a short allocution and acknowledged having received the report, having previously discussed it with his counsel and having no corrections or objections to the same. *Id. pp. 9-12.*

---

[5] Knowledge of the juvenile record of Rodríguez-Crespo was further established upon counsel's arguments as to the social worker's report regarding the family and personal circumstances of petitioner while a youth.

The prosecution limited its intervention at the time of imposition of sentence to full compliance with the plea agreement expressing to the Court it would stand by the plea agreement. *Transcript 2/1/2007, p. 12, Criminal No. 06-142(ADC), Docket No. 70.*

Considering petitioner's previous criminal behavior, his adult convictions and juvenile adjudications, a long history of violent behavior and lack of response to supervision, as well as the sentencing guideline applicable, the sentencing court determined not to follow the recommendation of thirty-six (36) months. The Court then imposed a sentence at the top of the guideline range of ninety-six (96) months of incarceration, which was subsequently affirmed on appeal.

Petitioner Rodríguez-Crespo claims in this post-conviction petition the government breached the plea agreement by limiting its statement to a short phrase that it would stand by the plea, without more.

Petitioner Rodríguez-Crespo's averment as to a breach of the plea is unsupported because the government did all it had promised, to abide by the agreement which recommended a sentence. Petitioner clearly knew the sentence determination was left at the end to the full discretion of the court pursuant to the advisory sentencing guideline consideration and the pre-sentence investigation report information, all of which had been explained by the Court to petitioner Rodríguez-Crespo at the change of plea hearing.

The proceedings in this case are distinct from the ones in United States v. Canada, 960 F.2d 263 (1st Cir. 1992) wherein the government's comment during sentencing and not recommending, as promised, the specific sentence agreed upon by the parties, in addition to failing to inform the court of the full nature and extent of the defendant's cooperation,

José L. Rodríguez-Crespo v. United States
Civil No. 09-1642 (ADC-CVR)
Report & Recommendation
Page No. 10

was considered to have undercut its recommendation and to have influenced the sentencing court to a harsher sentence. *See* United States v. Saxena, 229 F.3d 1 (1st Cir. 2000) (Unlike Canada, the government at no point suggested or even insinuated that the circumstances called for a different sentence than the one it had agreed to recommend). United States v. Mata-Grullon, 887 F.2d 23, 24 (1st Cir. 1989) (besides the promised recommendation, the government is expected also to bring to the sentencing judge all relevant facts within the prosecutor's ken); United States v. Ramos, 810 F.2d 308 (1st Cir. 1987) (citing United States v. Benchimol, 471 U.S. 453, 455, 105 S.Ct. 2103, 2104 (1985)) (the government's recommendation to recommend a particular sentence need not be enthusiastic).

The available record before this court clearly shows the government did not breach the plea agreement, that it fulfill its contract to recommend a sentence as agreed upon by the parties,[6] the sentencing court was well aware of said recommendation, as well as petitioner Rodríguez-Crespo was well aware the Court had the discretion to impose the sentence as allowed by statute and/or the advisory sentencing guideline applicable to his case.[7] In fact, because the record of proceedings in this case is pellucidly clear in regards to the plea agreement and the sentencing court's explanations to Rodríguez-Crespo, the

---

[6] United States v. Giraud-Piñeiro, 269 F.3d 23 (1st Cir. 2001) (the government did not breach the plea agreement when it fulfill its obligation to recommend the sentence term agreed upon).

[7] A district court must take a petitioner's factual allegations as true, except to the extent that these are contradicted by the record or are inherently incredible. Otero-Rivera v. United States, 494 F.2d 900, 902 (1st Cir. 1974).

averment in regards to a breach of the plea should be considered frivolous and not deserving further discussion.[8]

### B. Failure to Object to the Pre-Sentence Investigation Report.

The second claim of ineffective assistance arises from the alleged failure of counsel to object to the pre-sentence report information in its calculation of the previous convictions and juvenile adjudications that resulted in a Criminal History Category of VI.

A perusal of the sentencing proceedings in this case indicate counsel for Rodríguez-Crespo made a considerable attempt at the time of imposition of sentence in mitigation of punishment. *Transcript 2/1/2007, pp. 3-9, Criminal No. 06-142(ADC), Docket No. 70*.

Petitioner Rodríguez-Crespo argues against the criminal history points and counsel not having argued against the pre-sentence report having adjudicated in his juvenile sentences the granting of two (2) points for related cases. In the instant case, Rodríguez-Crespo was also granted criminal history points as well for the adult convictions upon a defendant who had been released from confinement within five years of the offense.

A review of the pre-sentence investigation report establishes the probation officer obtained information as to four (4) prior juvenile adjudications, which resulted in eight (8) criminal history points, including more than one felony offenses for which petitioner had been placed under probation and/or juvenile detention. Petitioner Rodríguez-Crespo also had two criminal convictions after attaining the age of eighteen (18), which resulted in four

---

[8] Even if a Section 2255 motion is facially adequate, a hearing is not necessary before dismissal if the motions in conclusively refuted as to the alleged facts by the files and records of the case. Myatt v. United States, 875 F.2d 8 (1st Cir. 1989) (quoting Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974). *See* Panzardi-Alvarez v. United States, 879 f.2d 975 (1st Cir. 1989); United States v. Mosquera, 845 f.2d 1122, 1124 (1st Cir. 1988).

(4) criminal history points, for a sub-total of twelve (12) criminal history points. USSG §4A1.1(d). Since petitioner committed the offense less than two (2) years after his release from custody, two (2) points were added, for a total criminal history points of fourteen (14), resulting in a Criminal History Category of VI. Petitioner Rodríguez-Crespo also had pending charges for first degree murder and weapons charges, which the sentencing court was made aware through the pre-sentence report, and the state trial was scheduled shortly after imposition of the federal sentence. With a total offense level of twenty one (21) and a criminal history category of VI, the guideline imprisonment range was from seventy seven (77) to ninety six (96) months, of which the sentencing court considered in imposing the top of the guideline to Rodríguez-Crespo.

Petitioner Rodríguez-Crespo did not raise, at the time of sentencing nor at the appellate level, a claim regarding the criminal history category being reached by miscalculation of the criminal history points. The respondent's response in this post-conviction motion avers petitioner Rodríguez-Crespo has procedurally defaulted in such claim. Still, the Court of Appeal's decision regarding the sentence imposed considered unreasonable by petitioner determined the sentencing court's conclusion was amply supported and there was nothing to be impugned in the district court's reasoning or conclusions. *United States v. Jose Luis Rodriguez Crespo, No. 07-1450, judgment 2/28/2008*.

Claims alleging ordinary errors that should have been raised on direct appeal, such as above, which is now post-conviction considered a misapplication of the sentencing guideline, if not a miscarriage of justice, are barred on collateral attack if defendant

procedurally defaulted in raising same. Section 2255 post-conviction petitions are not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 s.Ct. 1584, 1593 (1982). A non-constitutional claim that could have been, but was not, raised on appeal, may not be later asserted by collateral attack in the absence of exceptional circumstances. Stone v. Powell, 428 U.S. 465, 477, n. 10, 96 s.Ct. 3037, 3044 n.10 (1976).

Because the sentence imposed was not in excess of the maximum authorized by law nor could be considered imposed in violation of the laws of the United States, the only resource would be for petitioner to establish counsel was ineffective in regards to the sentence imposed by the court. Even if not so procedurally defaulted, petitioner must still be able to show prejudice due to said error by demonstrating such argument would have succeeded or resulted in a lower sentence. A perusal of the sentencing court statements and considerations of petitioner Rodríguez-Crespo's full history can hardly be beneficial in convincing any reasonable reader of the record the court would have rendered a different sentence option. Furthermore, even an erroneous departure under the sentencing guidelines which is not a miscarriage of justice would not be cognizable in a Section 2255 petition. United States v. Faubion, 19 F.3d 226, 232-33 (5th Cir. 1994). Scott v. United States, 997 F.2d 340, 341-42 (7th Cir. 1993) (the erroneous criminal history score under sentencing guidelines are not subject to collateral attack). *See* Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994) (sentencing errors in the application of the guidelines cannot be maintained in a Section 2255 proceedings).

Since petitioner Rodríguez-Crespo has not established ineffective assistance of counsel in regards to the alleged miscalculation of the criminal history score, even if not

procedurally defaulted and in the absence of any miscarriage of justice in this Section 2255, there is no merit to this contention nor to the other contentions raised in the petition. Thus, the petition is subject to be summarily dismiss.

Finally, petitioner Rodríguez-Crespo makes a *de brevis* averment he was not granted an opportunity by the sentencing court to refute the juvenile adjudications. The pre-sentence investigation report refers to these adjudications as being sealed and included the criminal history points results from juvenile and from adult convictions individually.

The transcript of criminal proceedings shows the parties made no objection to the summary of information provided as to the juvenile record and Rodríguez-Crespo indicated he had nothing to correct in the pre-sentence investigation report as to his family, any of the cases he had or anything he would have wanted to clarify. *Transcript 2/1/2007, p. 11, Criminal No. 06-142 (ADC), Docket No. 70*.

Even if petitioner's allegations were not procedurally defaulted and are now taken as true, not sufficiently disclosing the content of a juvenile record and denying an evidentiary hearing on this matter would have been considered harmless. Since in the Commonwealth of Puerto Rico juvenile records must be sealed and access to the same is strictly limited and its use in federal sentencing is subject to certain procedural requirements, these were obtained under a promise of confidentiality. *See* United States v. Guadalupe-Rivera, 501 F.3d 17 (1st Cir. 2007).[9]

---

[9] A federal court may consider an offender's juvenile record in determining a sentence wherein it adds two (2) points for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five (5) years of his commencement of the instant offense and add one (1) point for each of these offenses if not above covered.  USSG §4A1.2(d)(2).

In the present case, counsel indicated Rodríguez-Crespo's criminal conduct was well known and he took the opportunity in the statement for mitigation to address several stages while a juvenile for petitioner's benefit. Thus, it cannot be concluded the record of juvenile delinquency was totally withheld or unknown by the concerned parties.

**CONCLUSION**

In view of the above, it is recommended the post-conviction relief petition filed by Rodríguez-Crespo be DENIED.

IT IS SO RECOMMENDED.

The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). *See also* Amended Local Rules.[10] Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d

---

[10] Local Rule 72 (d), as amended December 3, 2009 provides:
  **(d) Objections to Report of Proposed Findings and Recommendations as to Dispositive Motions and Prisoner Cases.**
  Any party may object to the magistrate judge's report of proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1) within fourteen (14) days after being served a copy of it. The party shall file with the clerk and serve on all parties written objections which shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection.

985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

In San Juan, Puerto Rico, this 5th day of April of 2010.

                                       s/**CAMILLE L. VELEZ-RIVE**
                                       **CAMILLE L. VELEZ-RIVE**
                                       **UNITED STATES MAGISTRATE JUDGE**